IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EDWIN DARRELL LETT                                                  PETITIONER

VS.                                          CIVIL ACTION NO. 1:15cv309-LG-FKB

MARSHALL FISHER, et al.                                          RESPONDENTS

## REPORT AND RECOMMENDATION

This cause is before the Court on the petition for a writ of habeas corpus filed by

Edwin Darrell Lettt  and Respondents' motion to dismiss the petition as untimely. The

undersigned recommends that the motion be granted and the petition dismissed with

prejudice.

Petitioner was convicted of murder in the Circuit Court of Jackson County,

Mississippi and sentenced to a term of life imprisonment without parole.  The Mississippi

Court of Appeals affirmed Lett's conviction and sentence on March 1, 2005. *Lett v. State*,

902 So. 2d 630 (Miss. Ct. App. 2005).  His petition for rehearing was denied on May 24,

2005.  He did not file a petition for a writ of certiorari to the Mississippi Supreme Court.

Because he failed to seek discretionary review, Lett's appeal ended at that point, and he

was unable to pursue review in the United States Supreme Court.  *See* Sup. Ct. R. 10(b)

& 13 (requiring that petition for writ of certiorari be filed within 90 days of judgment of state

court of last resort).  Lett filed an application for post-conviction relief in the state court on

April 30, 2015; the application was denied on July 15, 2015.  He filed his section 2254

petition with this court on or after September 9, 2015.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a

one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Because Lett ended his appeal process by failing to seek review of

the court of appeals' decision, his conviction became final when his time for seeking

---

[1]Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401, 196 F.3d 1259 (5th Cir. 1999). Thus, Lett's petition was "filed" sometime between the date it was signed, September 9, 2015, and the date it was received and filed by the district court, September 15, 2015.

review expired.  28 U.S.C. § 2244(d)(1)(A); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th

Cir. 2003).  Under Miss. R. App. P. 17(b), Petitioner had fourteen days after his petition for

rehearing was denied in which to petition for a writ of certiorari to the state supreme court.

Thus, his conviction became final on June 7, 2005 (fourteen days after May 24, 2005),

and his one-year limitations period began to run on that day.  He had one year from that

date, or until June 7, 2006, in which to file for federal habeas relief, subject to tolling for

any period during which a properly-filed motion for post-conviction relief (PCR) was

pending in the state court.  Lett did not file in the state court for post-conviction relief at

any time on or before June 7, 2006.  Therefore, his one-year period expired on that day,

and his habeas petition, filed on or after September 9, 2015, is untimely by over nine

years.

In an attempt to overcome the untimeliness of his petition, Lett argues that he is

entitled to equitable tolling.  The one-year limitation period of § 2244(d) is not jurisdictional

and is subject to equitable tolling in an appropriate case.  *Holland v. Florida*, 560 U.S. 631,

645 (2010).  However, in order to be entitled to equitable tolling, a petitioner must

establish that he has diligently pursued his rights and that some extraordinary

circumstance prevented timely filing of the petition.  *Id.* at 649.  Lett contends that his

attorney's failure to file a petition for certiorari to the Mississippi Supreme Court and Lett's

mistaken belief that his attorney had filed the petition and that his appeal was still pending

constitute extraordinary circumstances warranting equitable tolling.

The relevant facts as alleged by Lett are as follows.  At trial and during his appeal,

Lett was represented by George Shaddock.  It was Lett's understanding that Shaddock

3

had filed a petition for a writ of certiorari after Lett's petition for rehearing was denied. When Lett inquired about his appeal, Shaddock stated that it could take two years for a ruling. Thus, Lett never realized that his state court proceeding had ended and that his one-year limitation period had begun to run.

Arguably, the failures of Lett's attorney could constitute exceptional circumstances allowing equitable tolling. *See Holland*, 560 U.S. 649-54 (holding that serious misconduct on the part of an attorney may constitute "extraordinary circumstances" warranting equitable tolling); *see also Manning v. Epps*, 688 F.3d 177, 185 n. 2 (5th Cir. 2012) (concluding that attorney abandonment can qualify as an extraordinary circumstance for equitable tolling purposes). Even so, Lett's own version of events which followed his appeal, as well as documents he has submitted, indicate that this allegedly extraordinary circumstance came to an end long before he filed his habeas petition and that he did not diligently pursue his rights. According to Lett, in July of 2006 he discharged Shaddock and Shaddock returned a portion of the fee he had been paid for Lett's representation. [6-1] at 3, 9. Thus, Lett knew at this point that Shaddock was no longer representing him and that he was responsible for checking on the status of any pending proceedings. Furthermore, in January of 2008, Lett retained new counsel to prepare his state court post-conviction application. [6-1] at 2, 8. Retention of post-conviction counsel indicates that Lett realized that his state court appeal was no longer pending.[2] Yet Lett waited until

---

[2]PCR counsel failed to file the application. In emails in June and July of 2008 between Lett's mother and the attorney, Lett's mother states that Lett has access to the internet and had looked up the status of his PCR application and learned that it had not been filed. [12-1] at 9-11. Thus, it is clear that Lett understood how to obtain information from the court concerning a case.

2015 to file his PCR application and the present habeas petition.  Thus, there was a period of several years during which his attorney's alleged incompetence could not have constituted an extraordinary circumstance that prevented him from filing his habeas petition.  *See Tsolainos v. Cain*, 540 Fed. Appx. 394, 399 (5th Cir. 2013) (finding that incompetent counsel did not constitute an extraordinary circumstance where petitioner had been represented by other counsel for at least a year prior to the filing of his untimely petition).  Furthermore, this lengthy period of inactivity indicates a remarkable lack of diligence on Lett's part.  *Cf. Manning*, 688 F.3d at 185-86 (finding that petitioner's failure to take any action for 19 months, in the face of no communication from counsel, demonstrated a lack of due diligence).  Lett "cannot claim diligence in his reliance on [his attorney] for a period of time during which he had no reason to believe he was actively represented by counsel."  *Tsolainos*, 540 Fed. Appx. at 400. Because Lett did not diligently pursue his rights, any argument as to equitable tolling is unavailing.

Lett's remaining argument is that he should be allowed to file his petition out of time because he is innocent of the crime of conviction.   An equitable exception to the one-year limitations period is available for a convincing case of actual innocence.  *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1934-35 (2013).  The standard for such a showing is demanding and applies only in a case in which new evidence shows that it is more likely than not that no reasonable jury, having the new evidence before them, would have convicted the petitioner.  *Id.* at 1933.  Lett's allegations of innocence fall far short of this standard.  The evidence at Lett's trial showed that Lett shot his victim during an argument and that the victim was unarmed.  Lett's "actual innocence" claim consists merely of his unsupported

contention that the victim was indeed armed with a deadly weapon.  He has come forward with no newly-discovered evidence showing that it is more likely than not that no reasonable jury would have convicted him had they been presented with such evidence.

In short, Lett has failed to establish the applicability of any exception that would allow his untimely petition to be considered by this court.

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen days of being served with a copy hereof will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 6th day of June, 2016.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE