IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDWIN DARELL LETT, #31076**                                              **PETITIONER**

v.                                                              CAUSE NO. 1:15CV309-LG-FKB

**MARSHALL FISHER, ET AL.**                                              **RESPONDENTS**

<u>ORDER ADOPTING REPORT AND RECOMMENDATION
AND GRANTING MOTION TO DISMISS</u>

This cause comes before the Court on the Report and Recommendation [15] of United States Magistrate Judge F. Keith Ball entered in this cause on June 6, 2016. In this Petition for Writ of Habeas Corpus, Lett challenges his 2003 conviction for murder, contending that 1) the Mississippi Department of Corrections improperly changed his sentence from life imprisonment to life imprisonment without possibility of parole; 2) the evidence was such that the jury should have had reasonable doubts that he was guilty of murder; and 3) his counsel was ineffective.

The Respondents filed a Motion to Dismiss [11] based on the untimeliness of the Petition; Lett filed it more than nine years after his conviction became final. After reviewing the procedural history of Lett's claims, the Magistrate Judge recommended that the Respondent's Motion be granted and the Petition dismissed.

BACKGROUND

Lett was convicted of murder in the Circuit Court of Jackson County, Mississippi and sentenced to a term of life imprisonment on July 31, 2003. The Mississippi Court of Appeals affirmed Lett's conviction and sentence on March 1, 2005. *Lett v. State*, 902 So. 2d 630 (Miss. Ct. App. 2005). His petition for rehearing

was denied on May 24, 2005.  He did not file a petition for a writ of certiorari to the Mississippi Supreme Court.  Because he failed to seek discretionary review, Lett's appeal ended at that point, and he was unable to pursue review in the United States Supreme Court.  See Sup. Ct. R. 10(b) & 13 (requiring that petition for writ of certiorari be filed within 90 days of judgment of state court of last resort).  Lett filed an application for post-conviction relief in the state court on April 30, 2015; the application was denied on July 15, 2015.  He filed his section 2254 petition with this Court on or after September 9, 2015.

The Magistrate Judge determined that because Lett ended his appeal process by failing to seek review of the court of appeals' decision, his conviction became final when his time for seeking review expired.  Under Miss. R. App. P. 17(b), Lett had fourteen days after his petition for rehearing was denied in which to petition for a writ of certiorari to the state supreme court.  Thus, his conviction became final on June 7, 2005 (fourteen days after May 24, 2005), and his one-year limitations period began to run on that day.  He had one year from that date, or until June 7, 2006, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court.  Lett did not file in the state court for post-conviction relief at any time on or before June 7, 2006.  Therefore, the Magistrate Judge determined that Lett's one-year period expired on that day, and his federal habeas petition, filed on or after September 9, 2015, was untimely by over nine years.

The Magistrate Judge also examined whether Lett's case presented the

extraordinary circumstances necessary to apply equitable tolling. Lett contended that his attorney's failure to file a petition for certiorari to the Mississippi Supreme Court and his own mistaken belief that his attorney had filed the petition and that his appeal was still pending constitute extraordinary circumstances warranting equitable tolling. The Magistrate Judge noted that claims of attorney negligence generally do not justify equitable tolling. Further, Lett discharged George Shaddock, his trial counsel, in July of 2006, and did not retain new counsel until January 2008, to prepare his state court post-conviction application. Counsel did not file the petition, and Lett's mother Sarah filed a complaint against him. Relatives obtained services from an attorney to review Lett's case in 2008 through 2009, and contracted with a "legal research agency"[1] in 2009, which communicated occasionally with Lett until 2014. The multiple-year periods of inactivity, when Lett had no legal representation, meant that Lett could not rely on his attorneys' failure to pursue post-conviction relief to show extraordinary circumstances.

Additionally, the Magistrate Judge examined Lett's claim of actual innocence, which is another exception to the one-year limitation period. Showing actual innocence requires new evidence that would, more likely than not, lead a

---

[1] The agency, operating under the name of PPS Legal Research Clinic, P.A., includes a lengthy disclaimer on its letterhead stating that it is "not a law office or law firm. . . . We are not able to represent you. We do not and cannot give legal advice. . . . We want this to be clear and would, therefore, emphasize to you that nothing said . . . by PPS should be implied or construed as being legal advice or representation or the practice of law in any manner." (Pet. Obj. Ex. 2 at 6, ECF No. 16-2).

reasonable jury to not convict a petitioner. The evidence Lett presented consisted only of his contention that the victim was armed with a deadly weapon because the victim had a shotgun nearby. Evidence that the victim's shotgun was nearby had been presented to the jury through the testimony of one of the five eye-witnesses to the shooting. *Lett v. State*, 902 So. 2d 630, 633-34 (¶8) (Miss. Ct. App. 2005). Therefore, it was not new evidence, and a reasonable jury convicted Lett of murder despite being presented with it. The actual innocence exception therefore would not excuse Lett's failure to timely file his federal petition. For all of these reasons, the Magistrate Judge concluded that Lett's federal habeas petition was untimely and should be dismissed.

## THE LEGAL STANDARD

Lett filed an objection to the Magistrate Judge's findings and conclusions. The Court must review any objected-to portions de novo. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). Such a review means that the Court will consider the record which has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). Under these circumstances, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d

1219, 1221 (5th Cir. 1989). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. *Edmond v. Collins,* 8 F.3d 290, 293 (5th Cir. 1993).

DISCUSSION

Lett makes three objections to the Report and Recommendation. He first contends that the Magistrate Judge erred in finding that trial counsel George Shaddock had returned $3000 to Lett in July 2006 and terminated his representation. According to Lett, the credit memo from Shaddock's office shows that Lett's sister, Mandy Hollins, had paid Shaddock $3000 in July 2006 to continue with his representation. Next, Lett contends that the Magistrate Judge erred when he stated that Lett has access to the internet. Finally, Lett contends that the evidence he provided "is indeed new evidence" that shows he is innocent of murder. (Pet. Obj. 3, ECF No. 16).

The last objection is simply a re-urging of the "actual innocence" argument Lett presented in his original Petition. Accordingly, the Court need not conduct a de novo review of this argument. The Magistrate Judge's analysis of the evidence and his conclusion that it was not new, and fell far short of the standard for showing actual innocence, is neither clearly erroneous nor contrary to law.

In regard to Lett's contention that the Magistrate Judge was incorrect when he found that Shaddock had refunded money in 2006, the Court notes that the finding was based in part on the credit memo attached to Lett's pleadings. (Am. Pet. Ex. 1 at 9, ECF No. 6-1). A credit memo indicates a refund to the client, not

payment by the client.[2]  This interpretation of the document is corroborated by the affidavits of Mandy Hollins and Sarah Lett, both of whom state that Shaddock was paid for an appeal on the day Lett was sentenced, and Shaddock returned the money when he was discharged as Lett's counsel.  (Am. Pet. Ex. 1 at 3, 5, ECF No. 6-1).  Lott's sentencing occurred in 2003, not 2006.  Based on this evidence, the Magistrate Judge correctly concluded that Shaddock had refunded money to Lett in 2006, terminating his representation at that time.  This objection is without merit.

In regard to his contention that the Magistrate Judge was incorrect about his access to the internet, Lett states that he "objects because it is a false statement.  This petitioner has no free access to the internet."  (Pet. Obj. 2, ECF No. 16).  The objected-to statement appears in a footnote: "Lett's mother states that Lett has access to the internet and had looked up the status of his PCR application and learned that it had not been filed."  (R&R 4 n.2, ECF No. 15).  The Magistrate Judge simply repeated Sarah Lett's statement, and he did not say that Lett's access was free.  Further, whether Lett has access to the internet, free or not, has no bearing on the Magistrate Judge's findings and conclusions.  Accordingly, this objection is without merit.

After having thoroughly reviewed the remainder of the Report and Recommendation, the Court finds it neither clearly erroneous nor contrary to law.

---

[2] A "credit memorandum" is "[a] document issued by a seller to a buyer confirming that the seller has credited (i.e., reduced) the buyer's account because of an error, return, or allowance."  BLACK'S LAW DICTIONARY (10th ed. 2014).

The Magistrate Judge properly found that Lett failed to timely file this federal habeas Petition, which warrants dismissal. The Report and Recommendation will be adopted as the findings and conclusions of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [15] of United States Magistrate Judge F. Keith Ball entered in this cause on June 6, 2016, should be, and the same hereby is, adopted as the findings of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Respondents' Motion [11] to Dismiss is **GRANTED** and Petitioner's Petition is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 22nd day of July, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE